MEMORANDUM **
Schafler appeals the District Court decision upholding summary judgment granted against her and in favor of the bankruptcy Trustee by the United States Bankruptcy Court of the Northern District of California. We review the grant of summary judgment de novo. In re Stanton, 303 F.3d 939, 941 (9th Cir.2002). Schafler also appeals a decision of the Bankruptcy Appellate Panel, affirming the Bankruptcy Court’s order denying Schafler’s claim for an administrative expense. We review a bankruptcy court’s denial of an administrative expense claim for abuse of discretion. In re Hanna, 168 B.R. 386, 388 (9th Cir.BAP1994). Finally, Schafler appeals an order of the District Court dismissing her claims against United States Bankruptcy Judge Randall J. Newsome. We review de novo the dismissal of a suit based on judicial immunity. Harvey v. Waldron, 210 F.3d 1008, 1011 (9th Cir.2000).
Assets held by the Max Family Living Trust as of March 26, 1996, were properly determined by the Bankruptcy Court to be property of the bankruptcy estate. All property held by the debtor at the commencement of a Chapter 7 bankruptcy proceeding is part of the bankruptcy estate unless it is excluded by 11 U.S.C. § 541(b). The record indicates that Appellant had access to both the net income and the principal of the trust and used the assets of the trust to her benefit. Thus, the trust was not subject to exclusion from the bankruptcy estate.
The assets that remained in the trust at the initial closure of Appellant’s bankruptcy case on July 5,1996, were not technically abandoned to the Appellant as a result of their not having been administered by the Trustee. 11 U.S.C. § 554 permits abandonment of “property scheduled under section 521(1) of this title.” Appellant did not properly schedule the assets in question. Although she did list the existence of the trust on her Chapter 7 petition, she omitted her interest in the trust and listed its value as only one dollar. This does not constitute proper scheduling of the asset sufficient to permit a technical abandonment upon closure of the case.
Nor did the disclosure on the bankruptcy schedule provide the Trustee with constructive notice of the assets of *140 the trust. The District Court properly held that the Trustee’s duty to administer assets of the bankruptcy estate does not extend so far as to require the Trustee to uncover assets intentionally concealed by the debtor. Even were we to hold otherwise, the Bankruptcy Court would be within its discretion to revoke the technical abandonment in a situation such as this, where the Trustee was given false information about an asset or the asset was not listed at all. See Cusano v. Klein, 264 F.3d 936, 946 (9th Cir.2001); In re DeVore, 223 B.R. 193, 198 (9th Cir.BAP 1998).
Next, Appellant challenges the bankruptcy court’s denial of the administrative expense claim she submitted to recover some $43,000 in expenses incurred regarding the Florida condominium. She argues that the administrative expense claim should have been approved, and that the bankruptcy judge violated her due process rights by “prejudging” the issue and by failing to hold a separate hearing. Under 11 U.S.C. § 503(b)(1)(A), an administrative expense claim can be submitted to recover “the actual, necessary costs and expenses of preserving the estate.” In re DAK Industries, Inc., 66 F.3d 1091, 1094 (9th Cir.1995). In order to make out a valid administrative expense claim, a claimant must show, among other things, that the expense “directly and substantially benefitted the estate.” Id. (citation omitted). Here, the bankruptcy court did not abuse its discretion in determining that the money spent by Appellant in maintaining a condominium that she was concealing from the estate for her personal benefit did not directly and substantially benefit the estate. Meanwhile, Appellant’s challenge to the bankruptcy judge’s alleged prejudgement of the administrative expense claim lacks merit because she has not “overcome a presumption of honesty and integrity on the part of decision-makers,” Stivers v. Pierce, 71 F.3d 732, 741 (9th Cir.1995) (citation and internal quotation marks omitted), and her challenge to the lack of a separate hearing is without merit because she filed a motion to waive the hearing.
Appellant asserts several additional violations of her constitutional rights as a result of the decisions of the Bankruptcy Court. These claims were not presented to the District Court below and thus we do not review them.
Finally, Appellant brings allegations of bias and corruption against United States Bankruptcy Judge Randall J. New-some. Federal judges are entitled to absolute immunity for all judicial acts unless they act entirely without jurisdiction. Cleavinger v. Saxner, 474 U.S. 193, 199, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985). “Such immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.” Id. at 199-200, 106 S.Ct. 496 (internal citations omitted). Judge Newsome was properly vested with jurisdiction over Appellant’s bankruptcy proceedings, as the result of Appellant’s motion to transfer her case to the Northern District of California from the District of Maryland, and thus has absolute immunity for all judicial acts taken in those proceedings. The district court properly dismissed Appellant’s complaint against Judge Newsome.
The decisions of the District Court upholding the grant of summary judgment for the Trustee and dismissing Appellant’s suit against Judge Newsome are
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.